UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OXFORD BIOMEDICAL RESEARCH, INC.,
a Michigan corporation,

      Plaintiff,

v.

                                          Case No. 5:05-cv-60274
                                          Hon. John Corbett O'Meara

INVITROGEN CORPORATION,

      Defendant,

| Giarmarco, Mullins & Horton, P.C. | Saretsky Hart Michaels & Gould PC |
|---|---|
| Attorneys for Plaintiff | Attorneys for Defendant |
| By:    Andrew T. Baran | By:    Gary M. Saretsky |
|            Sean M. Walsh |            Eric A. Michaels |
| Tenth Floor Columbia Center |            Jennifer E. Taylor |
| 101 W. Big Beaver Road | 995 South Eton |
| Troy, Michigan 48084-2580 | Birmingham, Michigan 48009 |
| (248) 457-7000 | (248) 502-3300 |

## PROTECTIVE ORDER

**IT IS HEREBY ORDERED** as follows:

      1.      The term "Information" under this Agreement means all Information which is not publicly available and which otherwise constitutes confidential and proprietary business Information of (1) Defendant Invitrogen Corporation and its subsidiaries, affiliates, and associated companies ("Invitrogen"), and (2) Plaintiff Oxford Biomedical Research, Inc. and its subsidiaries, affiliates, and associated companies ("Oxford") (collectively "the Parties"), which has, is or will be disclosed by the Parties and has been derived through research or development activities, manufacturing, business activities, and other technology, including materials, business, financial, or marketing plans or In-

formation, relating, but not limited to, Invitrogen's records relating to products incorporating DNA acquired from Oxford as well as Invitrogen's baculosome products or any other Information obtained by the Parties through the course of discovery in this proceeding. Information shall be Confidential.

2. The burdens of non-use and confidentiality on the Parties under this Order will survive the conclusion of this litigation.

3. The Parties shall not use the Information for any purpose unrelated to this litigation. The Information will not be disclosed to any person except the Parties and their attorneys, members of their staff, expert witnesses, mediators, facilitators or case evaluators appointed by the Court, or the Parties' employees or agents to whom it is necessary to disclose such Information in connection with this litigation. Any such persons who are given access to the Information shall be informed by the Parties of this Agreement. The Parties shall protect the Information by using the same degree of care as they use to protect their own confidential Information, but in any event no less than a reasonable degree of care.

4. Upon the resolution of this litigation, the Parties shall return to each other all copies of any Information produced by them under this Agreement as well as any records containing any Information.

5. The Parties, after consultation with one another's counsel, may designate portions of depositions taken pursuant to this litigation, which contained the Information identified in Paragraph 1 as "Confidential." The use and disclosure of such designated portions shall be governed by the terms of this Order.

6. The Court, upon a showing of good cause, may order the removal of the Confidential designation from any document, summary, or abstract thereof or portions of testimony or otherwise amend this Order. The Court, upon a showing of good cause may also expand the definition of Information.

7. If a party wishes to file any document, transcript or thing containing Information which has been designated Confidential with the Court for any purpose, the party shall file it with the Court in a sealed envelope with the following notation:

> **"Confidential Information Subject To Protective Order. Not to Be Opened Except By Order Of The Court."**

8. If any Information is used in any proceeding in this case, it shall not lose its confidential status through such use and the parties shall take all steps reasonably required to protect such confidentiality against misuse or disclosure.

9. The Order shall survive the final termination of this case with respect to any Information.

10. Nothing in this Order shall prevent any party from applying to the Court for a modification of this Order should either feel the Order, as originally entered, is hampering its efforts to prepare for trial, or from applying to the Court for further or additional protective orders, or from an agreement between the parties to any modification of this Order.

11. Nothing in this Order shall require a party to produce privileged Information or shall constitute a waiver of any privilege.

Date: August 8, 2007          s/John Corbett O'Meara
                              United States District Judge