UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OXFORD BIOMEDICAL RESEARCH, INC.,
a Michigan corporation,

    Plaintiff,

Case No. 05-60274

v.

Hon. John Corbett O'Meara

INVITROGEN CORPORATION,

    Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO AMEND

Before the court is Defendant's motion to amend its answer, extend deadlines, or stay, filed October 10, 2008. Plaintiff submitted a response on October 24, 2008; Defendant filed a reply on October 28, 2008. Pursuant to 7.1(e)(2), the court did not hear oral argument.

This case arises out of a contract dispute. Among other issues, the parties disagree about the term of the contract. The contract provides that it will be in effect "for the life of any patent covering LICENSED MATERIAL, or, if no patent issues, for a period of ten (10) years. . . ." Def.'s Ex. 2. Plaintiff alleges that a certain patent ("the '157 patent") covers the "licensed material" and that, therefore, the contract term is seventeen years. Defendant asserts that it only learned of Plaintiff's position regarding the term of the contract when it received Plaintiff's response to its motion for summary judgment on May 28, 2008, and when it received Plaintiff's expert reports in June and July 2008.

Defendant now wants to amend its answer and add counterclaims and third-party claims to challenge the validity of the patent. Specifically, Defendant wants a declaratory judgment against Oxford and Vanderbilt University (the patent owner) that the claims of the '157 are not

valid because they fail to satisfy the conditions of patentability specified in 35 U.S.C. § 101 *et seq.*, that Invitrogen has not infringed the '157 patent, that there is no patent that covers the "licensed material" under the agreement, and that the patent has expired. Alternatively, Defendant seeks a stay of this case in order to pursue a patent case it filed in Wisconsin against Oxford and Vanderbilt, which raises the same claims Defendant seeks to raise here. Defendant states that if this court allows it to amend, it will seek a stay in the Wisconsin case to avoid duplicate litigation. Defendant also requests additional time to prepare it expert reports.

Pursuant to Fed. R. Civ. P. 15(a)(2), the court should "freely give leave [to amend] when justice so requires." As the Sixth Circuit explained, "[l]eave is freely given, but courts may deny leave to amend when the amendment would be futile or cause undue delay which would result in unfair prejudice to the defendant. The longer the delay, the less prejudice the opposing party will be required to show." Dubuc v. Green Oak Twp., 312 F.3d 736, 752 (6th Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Phelps v. McClellan, 30 F.3d 658, 662 (6th Cir. 1994)).

This case is nearly three years old and the scheduling order has been amended several times. The parties have completed discovery (except for an outstanding motion to compel) and have submitted motions for summary judgment, which were denied by the court on July 15, 2008. The current trial date is December 2, 2008. The procedural posture of this case militates against an amendment that would require the addition of new parties and claims, which would significantly delay the resolution of this dispute and require the parties to expend significantly more resources. Essentially, Defendant is requesting that the court permit it to launch a brand new and likely complicated patent suit within a contract case that is virtually ready for trial.

The reasons underlying Defendant's request are insufficient to overcome the hurdle created by the delay and likely prejudice to Plaintiff. Although Defendant asserts that it only recently discovered that the term of the contract is in dispute (and, therefore, whether a patent covers the licensed materials), counsel for the parties exchanged letters regarding this very issue in July 2007. Moreover, the court is not persuaded that a full-blown patent trial on issues of invalidity and infringement is necessary to interpret the language of the contract, which provides that the term will coincide with the "life of any patent covering LICENSED MATERIAL. . ." In other words, whether there is a patent "covering LICENSED MATERIAL" is a matter of contract interpretation and has no relation to the validity of the patent or to patent infringement.

For these reasons, the court will deny Defendant's motion to amend. In light of Defendant's pending motion to compel and request for additional time to complete its expert report, however, the court will adjust the schedule. The parties should be aware that the court is unlikely to grant any further adjournments. The schedule is as follows:

| | |
|---|---|
| Defendant's expert report due | **January 30, 2009** |
| Joint Final Pretrial Order due | **March 6, 2009** |
| Joint Final Pretrial Conference | **March 11, 2009, at 2 p.m. in Ann Arbor** |
| Trial | **March 17, 2009** |

**SO ORDERED.**

s/John Corbett O'Meara
United States District Judge

Date: October 31, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 31, 2008, by electronic and/or ordinary mail.

                                                          <u>sWilliam Barkholz</u>
                                                          Case Manager