UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OXFORD BIOMEDICAL RESEARCH, INC.,

    Plaintiff,

v.

INVITROGEN CORPORATION,

    Defendant.
_____/

CIVIL ACTION NO. 05-60274

DISTRICT JUDGE JOHN CORBETT O'MEARA

MAGISTRATE JUDGE DONALD A. SCHEER

## **ORDER**

This matter is before the magistrate judge on an Order of Reference for hearing and determination of Plaintiff's Motion to Strike Defendant's Second and Third Supplemental Witness Lists.  The parties appeared, by counsel, on January 8, 2009.  Having reviewed Plaintiff's Motion, Defendant's Response and Plaintiff's Reply, and having heard the arguments of counsel, I find that the Motion must be granted.

This action was filed on November 28, 2005, and is set for trial on March 17, 2009.  In a Scheduling Order of February 1, 2006, the district judge established a discovery cut-off of November 1, 2006 and directed the parties to exchange lists of lay and expert witnesses by September 5, 2006.  No subsequent order has extended the date by which witnesses must be designated.  It appears, however, that both parties have supplemented their witness lists subsequent to the September 2006 deadline.  Neither party has objected to the late designation of witnesses prior to the instant Motion.

On October 10, 2008, Defendant filed a Motion to Amend its Answer and to add counterclaims and third party claims to challenge the validity of a patent which is relevant to the issue of the term of the contract in suit.  Defendant asserted in the Motion that it had

only recently discovered that the term of the contract (and, therefore, whether a patent covers the licensed materials) is in dispute. In a written Order of October 31, 2008, the district judge rejected that proposition, noting that the parties had exchanged letters reflecting their conflicting positions on that very issue in July 2007. In addition, the court was not persuaded that a full blown patent trial on issues of invalidity and infringement would be necessary to interpret the language of the contract.

On October 27, 2008, Defendant filed its Second Supplemental Witness List. On November 25, 2008, Defendant filed its Third Supplemental Witness List. The lists name Richard A. Killworth, a patent expert, Brian Marks, an expert in P450 proteins and Sidney Nelson, a technical expert. The instant motion asserts that both Supplemental Witness Lists should be stricken. Plaintiff maintains that the lists were filed too late, and that the addition of multiple expert witnesses at this time will cause unfair prejudice to the movant. Plaintiff further asserts that the additional witnesses represent an attempt by Defendant to insert claims which the court foreclosed in its October 31, 2008 Order.

Defendant concedes that it has produced little information regarding Marks, and that Nelson's expert report was only recently produced. Invitrogen maintains, however, that it should at least be permitted to add Killworth as an expert witness, since his report was served on Plaintiff in October 2008. Defendant further maintains that the court's Scheduling Order was rendered "obsolete" by reason of the parties' mutual violation of it, without objection until now. Defense counsel noted that no expert discovery had been conducted in the case prior to the January 8, 2009 hearing. He argued that Plaintiff's expert report was served more than one year late.

In its Order of October 31, 2008, the district judge granted Defendant additional time to complete its expert report. That adjustment of dates responded to Defendant's late receipt of the Plaintiff's expert report. The court admonished the parties that further adjustments were unlikely, indicating that both sides must be prepared for trial on March 17, 2009. The court's Order specifically rejected Defendant's argument that it was unaware that the term of the contract was in dispute. Further, the Order expressly stated that "the court is not persuaded that a full blown patent trial on issues of invalidity and infringement is necessary to interpret the language of the contract, which provides that the term will coincide with the 'life of any patent covering LICENSED MATERIAL . . ..'" I am not at liberty to undermine those determinations. In addition, I find that the expert discovery burdens already facing the parties should not be increased at a point in time so close to a firm trial date. Finally, I take issue with the proposition that mutual disregard for the terms of a court order renders it "obsolete." Any party who chooses to ignore the court's case management orders, rather than to seek modifications from the bench, does so at his peril.

For all of the above reasons, Plaintiff's Motion to Strike Defendant's Second and Third Supplemental Witness Lists is granted.

        s/Donald A. Scheer
        DONALD A. SCHEER
        UNITED STATES MAGISTRATE JUDGE

DATED: February 6, 2009
_____

### CERTIFICATE OF SERVICE

I hereby certify on February 6, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 6, 2009: **None.**

        s/Michael E. Lang
        Deputy Clerk to
        Magistrate Judge Donald A. Scheer
        (313) 234-5217