UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OXFORD BIOMEDICAL RESEARCH, INC.,

    Plaintiff,

                                    Case No. 05-60274

v.

INVITROGEN CORPORATION,          Hon. John Corbett O'Meara

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S THIRD MOTION IN LIMINE TO EXCLUDE WITNESSES**

Before the court is Defendant's third motion in limine to exclude Plaintiff's late-filed witnesses, filed April 24, 2009. Plaintiff submitted a response on May 5, 2009; Defendant filed a reply brief on May 8, 2009.

Defendant seeks to exclude the testimony of certain witnesses, primarily on the grounds that Plaintiff identified them after the September 5, 2006 witness list deadline. Specifically, Defendant seeks to exclude Glenn Sheets, an expert identified on February 15, 2007; and Beth Werner, Charles Sloan, and Paul Hollenberg (expert), who were identified on November 13, 2007.

Defendant contends that the court must exclude Plaintiff's witnesses in the interest of equality, given that Defendant's late-filed witness lists were stricken. The critical difference, however, is that Plaintiff <u>timely</u> objected to Defendant's late witness lists, which were filed in October and November 2008. Plaintiff filed a motion to strike these lists in December 2008. In contrast, Defendant did not raise an objection to Plaintiff's late witness lists until virtually the time of trial – nearly eighteen months to two years after the witnesses were identified.

Moreover, Beth Werner and Charles Sloan were deposed during discovery; therefore, Defendant will not be unfairly prejudiced by their appearances at trial. Defendant's attempt at "tit for tat" is not well received by the court.

With respect to Paul Hollenberg, however, Defendant notes that he was designated as an expert, but did not submit an expert report. Plaintiff now seeks to present him as a fact witness. Plaintiff cannot circumvent the expert disclosure requirements by converting an expert witness to a fact witness on the eve of trial. Plaintiff's failure to timely designate Hollenberg as a fact witness is unfairly prejudicial to Defendant and the court will exclude his testimony.

With respect to expert Glenn Sheets, Defendant contends that Plaintiff did not provide it with the documents that he reviewed. Plaintiff asserts that it made the documents available in electronic format at the office of its counsel. See Pl.'s Ex. C (responses dated April 14, 2008). Defendant does not allege that it attempted to make arrangements to inspect and copy these documents. Based upon the record, the court does not find grounds to exclude Mr. Sheets at this time.

Accordingly, IT IS HEREBY ORDERED that Defendant's third motion in limine [docket # 163] is DENIED IN PART and GRANTED IN PART, consistent with this order.

s/John Corbett O'Meara
United States District Judge

Date:  May 11, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 11, 2009, by electronic and/or ordinary mail.

                                        s/William Barkholz
                                        Case Manager